IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02614-BNB

EDWIN BARNES,

    Plaintiff,

v.

DOCTOR CRUMB, individual and official capacities,
DOCTOR STOB, individual and official capacities,
DENVER COUNTY JAIL/DENVER DETENTION CENTERS' NURSING STAFF,
individual and official capacities, and
NURSE YOLONDA, individual and official capacities,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Edwin Barnes, currently is incarcerated at the Denver County Jail. He filed *pro se* a Prisoner Complaint (ECF No. 1) for money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. (ECF No. 4)

    The Court must construe the Prisoner Complaint liberally because Mr. Barnes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Barnes will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

    In the Prisoner Complaint, Mr. Barnes asserts six claims for relief against Defendants for violation of his right to be free from cruel and unusual punishment under

the Eighth Amendment and right to equal protection under the Fourteenth Amendment. Specifically, he alleges that Defendant Yolanda had medical staff remove Plaintiff's wheelchair and knee braces, contrary to the treatment plan provided by Denver Health Medical Center and in violation of Plaintiff's constitutional rights. Mr. Barnes further alleges that Defendants Dr. Crumb and Dr. Stob violated his Eighth and Fourteenth Amendment rights by not following his treatment plan. Mr. Barnes finally alleges that Defendant Dr. Stob failed to answer his grievances in violation of his constitutional rights.

The Prisoner Complaint is deficient because Mr. Barnes fails to allege specific facts that make clear how his rights have been violated and to show the personal participation of each Defendant in violation of his constitutional rights. Mr. Barnes is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Barnes should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights. Mr. Barnes may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Barnes uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Mr. Barnes also must allege specific facts to show that Defendants Crumb, Stob, and Yolonda were personally involved in a deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Barnes must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, the caption of the Complaint indicates that Mr. Barnes may be suing improper parties in. He may not sue the Denver County Jail or the Denver Detention Center. The county jail and detention center are not separate entities from Denver County, and therefore, are not persons under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the jail and detention center must be considered claims asserted against Denver County.

In addition, a local government entity such as the County of Denver, is not liable under § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Denver County under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694.

Mr. Barnes will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Mr. Barnes also should clarify whether he is asserting claims against the Denver County Jail and Denver Detention Center or against specific defendants employed at these facilities. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Edwin Barnes, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Barnes shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Barnes fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.

DATED October 10, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge